## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD MAYBERRY,<br>OMAR ARRIAGA and<br>ANTHONY MURRAY,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br>    *Plaintiffs* | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. _____ |
| NXCESS MOTORCARS, INC.,<br>RICHARD ONG,<br>KATHY TRAN NGUYEN-ONG and<br>EDWARDO PERFECTO LUEVANO<br>Individually,<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§ | |

## PLAINTIFFS' ORIGINAL COMPLAINT
### COLLECTIVE ACTION

### SUMMARY OF SUIT

1.      To achieve its humanitarian goals, the Fair Labor Standards Act of 1938, as amended, defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2.      NXCESS MOTORCARS, INC., Richard Ong, Kathy Tran Nguyen-Ong, and Edwardo Perfecto Luevano  (hereinafter collectively referred to as "Defendants'") required and/or permitted Donald Mayberry ("Donald"), Omar Arriaga ("Omar") and Anthony Murray ("Anthony") (hereinafter collectively referred to as the "Plaintiffs'") to work in excess of forty (40) hours per week, but refused to compensate Plaintiffs for such hours at the overtime rates required under 29 U.S.C. §§ 201, *et seq.,* the Fair Labor Standards Act of 1938, as amended, (FLSA).

3.      Accordingly, Defendants Donald, Omar and Anthony bring this action to recover unpaid overtime wages, liquidated damages and attorneys' fees owed to them under the Fair Labor Standards Act, 29 U.S.C. Section 216(b) (2015) ("FLSA").

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

## THE PARTIES

6.      Plaintiff Donald Mayberry is an individual residing in Harris County, Texas.

7.      The Class Members are all of Defendants' current and former detailers, porters, washers, cleaners, painters, polishers, tire changers, installers or other non-sales, non manual and non-mechanical employees at any time starting three years before this Complaint was filed up to the present.

8.      Defendant NXCESS MOTORCARS, INC. is a Texas corporation. It may be served with process by serving its registered agent as follows: Richard Ong, Registered Agent, NXCESS MOTORCARS, INC., 5726 Southwest Freeway, Houston, Texas 77057.

9.      Defendant Richard Ong is an individual residing in Fort Bend County, Texas and may be served with process at: 2 Regent Ct., Sugar Land, Texas 77478.

10.     Defendant Kathy Tran Nguyen-Ong is an individual residing in Fort Bend County, Texas and may be served with process at: 2 Regent Ct., Sugar Land, Texas 77478.

11.     Defendant Edwardo Perfecto Luevano is an individual residing in Harris County, Texas and may be served with process at: 5726 Southwest Freeway, Houston, Texas 77057.

- 2 -

## BACKGROUND

12.     The Company is located in Houston, Harris County, Texas and is in the business of selling used cars, principally consisting of high end or high line vehicles. The Company sells vehicles such as Rolls Royce, Lamborghini, Mercedes Benz, BMW, Maserati, fully featured trucks and domestic vehicles and also provides vehicle financing through third party lenders or in-house financing.  The Company also sells lower end vehicles principally from trade-ins and often "carries" the note.

13.     The Company is located on the Southwest Freeway and its sales offices are opened from 10:00 a.m. until 7:00 p.m. six days a week, Monday through Saturday.   The dealership is open well before 10:00 a.m. each day and will typically be open past 7:00 p.m. in order to finish sales or work in progress.

14.     The Company used various schemes to avoid payment of overtime and potentially minimum wage.  Although the Company did maintain a time clock, many employees were instructed not to clock in or out since they were "salaried" or required to work "off clock". Defendants pay was not adjusted for not having a lunch, staying late, arriving early or working six days a week.  If an employee missed a schedule, their pay was "docked" for a failure to appear.  No matter how many hours of work in a work day, Defendants' wages did not change; however, if Defendants did not work six days, their pay was unilaterally decreased by an arbitrary amount determined by Defendants.

15.     Defendants utilized various methods to avoid payment of overtime and other wages due to Defendants.

16.     With respect to Plaintiff Donald Mayberry, he was paid his wages by Payrolls by Paychex, Inc. and was classified as an employee and received a W-2 for wages paid.

- 3 -

17.     With respect to Plaintiff Omar Arriaga, he was required in the morning to clock in and clock out at night but was wrongfully paid as an "independent contractor" and received a Form 1099 for amounts paid.

18.     With respect to Plaintiff Anthony Murray, he was instructed not to clock in or out and was paid again as an independent contractor and received a Form 1099 for amounts paid. For the majority of his employment, Plaintiff Anthony Murray was paid as a "salaried" employee; however, after complaints regarding wages, for a period of months, he was placed on an invalid piece rate or a set amount on a car basis and was restricted to charge no more than two cars per day or $70.00 per day.

## FACTS AND LAW

19.     Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs' as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

20.     Plaintiffs' primary duties were nonexempt under the FLSA.

21.     Defendants paid Plaintiffs on a salary basis.

22.     A workweek is a period of 168 hours during seven consecutive 24-hour periods. It may begin on any day of the week and at any hour of the day established by the employer. Generally, for purposes of minimum wage and overtime payment, each workweek stands alone; there can be no averaging of two or more workweeks. Employee coverage, compliance with wage payment requirements, and the application of most exemptions are determined on a workweek basis.

23.     Covered employees must be paid for all hours worked in a workweek. In general, "hours worked" includes all time an employee must be on duty or on the employers' premises or at any other prescribed place of work, from the beginning of the first principal activity of the

work day to the end of the last principal work activity of the workday. Also included is any additional time the employee is allowed (i.e., suffered or permitted) to work.

24.     Defendants violated the FLSA by failing to pay Plaintiffs overtime wages.

25.     Nonexempt workers must be paid overtime pay at a rate of not less than one and one-half times their regular rates of pay after 40 hours of work in a workweek.

26.     Plaintiff Donald is a former car detailer (e.g. performed washing, cleaning, polishing, vacuuming) at Defendant NXCESS MOTORCARS, INC.'s location in Houston, Texas. Plaintiff regularly worked well over forty hours during a work week in Defendants' car dealership; however, Defendants paid him a fixed salary with no additional compensation for overtime worked. At no time was Plaintiff compensated for overtime worked at the federally mandated overtime rate.

27.     Plaintiff Omar is a former car porter; e.g. unload cars, move cars throughout the dealership, run errands (mainly to pick up and bring back lunch for the General Manager and the Finance Managers) and assist in showroom arrangements at Defendant NXCESS MOTORCARS, INC.'s location in Houston, Texas. Plaintiff regularly worked well over forty hours during a work week in Defendants' car dealership; however, Defendants paid him a fixed salary with no additional compensation for overtime worked. At no time was Plaintiff compensated for overtime worked at the federally mandated overtime rate.

28.     Plaintiff Anthony is a former car detailer at Defendant NXCESS MOTORCARS, INC.'s location in Houston, Texas. Plaintiff regularly worked well over forty hours during a workweek in Defendants' car dealership; however, Defendants paid him a fixed salary (and briefly on a piece basis) with no additional compensation for overtime worked. At no time was Plaintiff compensated for overtime worked at the federally mandated overtime rate.

Consequently, Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for overtime work at the FLSA mandated overtime wage rate. *See* 29 U.S.C. § 206 and 29 U.S.C. § 207.

29.     Employees who have filed complaints or provided information cannot be discriminated against or discharged on account of such activity.

30.     Defendants have retaliated against Plaintiffs for engaging in protected activities under FLSA, terminating Don and forcing out Arriaga and Murray.

31.     Defendants' other  detail, porter, washing, cleaning, painting, polishing, tire changing, installing or other non-sales, non manual and non-mechanical employees were subject to the same FLSA violations. Plaintiffs hereby file this action to recover overtime wage compensation owed to each individually and on behalf of all other similarly situated employees (hereinafter "Class Members").

32.     Whenever it is alleged that Defendants' committed any act or omission, it is meant that company's officers, directors, principles, vice-principles, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with full authorization, ratification or approval of NXCESS MOTORCARS, INC. or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principles, agents, servants or employees.

33.     At all material times, Defendants' have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

34.     At all material times, Defendants' have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because

Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

35.     At all material times, Plaintiffs' were employees' who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

36.     Furthermore, Defendants' have had, and continue to have, an annual gross business volume in excess of the statutory standard.

37.     Defendants Richard Ong (Chief Executive Officer) and Kathy Tran Nguyen-Ong (Office Manager) are the owner and manager of NXCESS MOTORCARS, INC.

38.     Defendants Richard Ong, Kathy Tran Nguyen-Ong, and Edwardo Perfecto Luevano (General Manager) are involved in the day-to-day business operation of NXCESS MOTORCARS, INC.

39.     With respect to NXCESS MOTORCARS, INC., Defendant Richard Ong and Kathy Tran Nguyen-Ong have the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

40.     With respect to NXCESS MOTORCARS, INC., Defendant Edwardo Perfecto Luevano had the authority to hire and fire employees and the authority to direct and supervise the work of employees and the authority to make decisions regarding employee compensation.

41.     Defendants Richard Ong, Kathy Tran Nguyen-Ong, and Edwardo Perfecto Luevano controlled the nature, pay structure, and employment relationship of the Plaintiffs.

42.     As the owner and manager of NXCESS MOTORCARS, INC., Defendant Richard Ong and Kathy Tran Nguyen-Ong employed the Plaintiffs in their prior identified capacities.

43.     Defendants Richard Ong and Kathy Tran Nguyen-Ong own and manage NXCESS MOTORCARS, INC. in Houston, Texas.

44.     Defendant Edwardo Perfecto Luevano is the General Manager and manages NXCESS MOTORCARS, INC. in Houston, Texas.

45.     Defendants' employ car detailers, car porters, washing, cleaning, painting, polishing, tire changing, installing or other non-sales, manual and non-mechanical workers at their car dealership to provide various services.

46.     As such, pursuant to 29 U.S.C. § 203(d), Defendants Richard Ong, Kathy Tran Nguyen-Ong, and Edwardo Perfecto Luevano acted directly or indirectly in the interest of Plaintiffs' employment as their employer, which makes Richard Ong, Kathy Tran Nguyen-Ong, and Edwardo Perfecto Luevano individually liable under the FLSA.

47.     The Plaintiffs are former employees of Defendants who performed the aforementioned work as car detailers and car porter employees.

48.     Although Plaintiffs' were required to and in fact, did frequently work more than forty hours per week, they were not compensated at the FLSA mandated time-and-a-half rate for hours worked in excess of forty.

49.     Defendants knew or reasonably should have known that Plaintiffs' worked in excess of forty hours per week.

50.     Defendants did not pay Plaintiffs' overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. 207(a)(1).

51.     Instead, Defendants paid the Plaintiffs a fixed sum of money regardless of the number of hours we worked.

52.     Defendants also failed to keep any pay or time records for the Plaintiffs.

53.     Conversely, Plaintiffs did not hire, fire, supervise, discipline or in any way perform any managerial duties as a detailers and porters at NXCESS MOTORCARS, INC.

54.     At no time relevant to this claim were Plaintiffs' salesmen, parts-men or mechanics.

55.     Therefore, Plaintiffs are non-exempt employees under the FLSA.

56.     Defendants' method of paying Plaintiff was in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## FAILURE TO PAY OVERTIME IN
## VIOLATION OF 29 U.S.C. § 207

57.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

58.     Defendants' practice of failing to pay Plaintiffs' the time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

59.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiffs.

## FAILURE TO MAINTAIN ACCURATE RECORDS IN
## VIOLATION OF 29 U.S.C § 211(c)

60.     Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

61.     Defendants failed to keep adequate records of Plaintiffs' work hours and wages paid to nonexempt employees in violation of section 211(c) of the Fair Labor Standards Act. *See* 29 U.S.C. § 211(c).

62.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt 516.

63.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a.   The time of day and day of week on which the employees' work week begins;

   b.   The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

   c.   An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

   d.   The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

   e.   The hours worked each workday and total hours worked each workweek;

   f.   The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

   g.   The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

   h.   The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

   i.   The dates, amounts, and nature of the items which make up the total additions and deductions;

   j.   The total wages paid each pay period; and

   k.   The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

64.     Defendants have not complied with federal law and have failed to maintain such records with respect to the Plaintiffs. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs can meet this burden under the FLSA by proving that they, in fact, performed work for which each was improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." See, e.g., *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

## COLLECTIVE ACTION ALLEGATIONS

65.     Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and would therefore like to join this collective action. Plaintiffs worked alongside other employees at Defendants' car dealership and they discussed the no overtime, just straight time, policy of Defendants.

66.     Other employees similarly situated to Plaintiffs' work or have worked for Defendants' dealership, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

67.     Although Defendants permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

68.     The Class Members perform or have performed the same or similar work as the Plaintiffs.

69.     Class Members regularly work or have worked in excess of forty hours during a workweek.

70.     Class Members are not exempt from receiving overtime.

71.     As such, Class Members are similar to Plaintiffs' in terms of job duties, pay structure, and/or the denial of overtime.

72.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

73.     The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

74.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

75.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

76.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants' that caused harm to all Class Members.

77.     As such, the class of similarly situated Plaintiffs is properly defined as follows:

**The Class Members are all of Defendants' current and former detailers, porters, washers, cleaners, painters, polishers, tire changers, installers or other non-sales, non manual and non-mechanical employees at any time starting three years before this Complaint was filed up to the present.**

## DAMAGES SOUGHT

78.     Plaintiff and Class Members are entitled to recover compensation for their unpaid overtime compensation.

79.     Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

80.     Plaintiff and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## PRAYER

81.     For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a.   Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b.   An equal amount as liquidated damages as allowed under the FLSA;

   c.   Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

   d.   Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

**DOUGLASS & KIGGUNDU, PLLC**

By: _____

**J. SCOTT DOUGLASS**
jsd@aol.com
Federal Bar No. 9073
State Bar No. 06049450

**JAMMY M. KIGGUNDU**
jammy@dkcounsel.com
Federal Bar No. 630591
State Bar No. 24050847

1811 Bering Dr., Suite 420
Houston, Texas 77057
713-227-7492 (phone)
713-227-7497 (facsimile)
**ATTORNEYS FOR PLAINTIFFS**

- 13 -